**Gurjeet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70385.
Agency No. A75–314–539.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

Viney Gupta, Orange, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Gurjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum and withholding

---

of removal, and denying Singh's motion for reconsideration. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Navas v. INS,* 217 F.3d 646, 657 (9th Cir. 2000), and review for abuse of discretion denial of a motion to remand, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding because the discrepancy in Singh's testimony relates to the basis for his alleged fear of persecution and goes to the heart of his asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Singh failed to establish eligibility for asylum or withholding of removal. *See Singh v. INS,* 301 F.3d 1109, 1111 (9th Cir.2002).

The BIA properly denied Singh's motion for remand. The BIA properly rejected Singh's ineffective assistance of counsel claim because Singh failed to show prejudice. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003). The BIA properly refused to remand for consideration of purportedly new evidence because Singh did not explain why the evidence was previously unavailable. *See Bolshakov v. INS,* 133 F.3d 1279, 1282 (9th Cir. 1998).

We do not consider the denial of Singh's motion to remand to seek relief under the Convention Against Torture because Singh's opening brief does not challenge the BIA's denial of the motion on that ground. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (issues raised but not supported by argument in a brief are deemed abandoned).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Singh's remaining contentions lack merit.

PETITION FOR REVIEW DENIED.