Daria Gabina AQUINO, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–71439.

Agency No. A70–815–066.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.**

Decided Feb. 23, 2004.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

72

Daria Gabina Aquino, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Aviva Poczter, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM***

Daria Gabina Aquino, a native and citizen of Guatemala, petitions pro se for re-

*** This disposition is not appropriate for publication and may not be cited to or by the

view of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of her application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000), and deny the petition for review.

Petitioner contends that she fears returning to Guatemala because of its criminal gangs. Substantial evidence supports the IJ's factual finding that, at most, the petitioner established that she had been the victim of criminal activity in Guatemala. *See Bolshakov v. INS,* 133 F.3d 1279, 1280–81 (9th Cir.1998). Because the petitioner failed to establish past persecution or a well-founded fear of future persecution on account of a statutorily protected ground, she failed to establish eligibility for asylum. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998).

Further, because the petitioner failed to establish eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See id.*

Additionally, substantial evidence supports the IJ's denial for relief under the CAT. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). Petitioner failed to demonstrate that it is more likely than not that she will be tortured if returned to Guatemala. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Finally, petitioner's contention that the BIA's opinion insufficiently articulated its reasons for denying relief is foreclosed by

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.