**Bhupinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74322.
Agency No. A76–860–059.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Shelley R. Goad, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W.
FLETCHER, and TALLMAN, Circuit
Judges.

## MEMORANDUM**

Bhupinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal, and the denial of his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 999–93 (9th Cir.2003). We review for abuse of discretion a motion to reopen. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony was both internally inconsistent and inconsistent with his application, and contained implausibilities. Because some of the factual discrepancies went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

It follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

The BIA did not abuse its discretion in denying Singh's motion to reopen. *See Bolshakov v. INS*, 133 F.3d 1279, 1282 (9th Cir.1998).

**PETITION FOR REVIEW DENIED.**