Behrooz HAFEZI–HAHGHANI,
Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–74249.
Agency No. A29–281–728.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2004.**

Decided March 10, 2004.

Bita L. Hoffman, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office Of

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Marion E. Guyton, Attorney, DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

### MEMORANDUM***

Behrooz Hafezi–Hahghani, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review the denial of a motion to reopen by the BIA for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We deny the petition.

Petitioner does not contest the BIA's conclusion that his motion to reopen was not filed within ninety days after his appeal was dismissed. *See* 8 C.F.R. § 3.2(c)(2). Contrary to Petitioner's interpretation, the BIA case of *In re Valarde–Pacheco*, 23 I & N Dec. 253, 2002 WL 393173 (2002), does not support his contention that adjustment of status filers are exempt from the timeliness requirement of § 3.2(c).

Petitioner's contention that he is entitled to reopen because the government has withdrawn its "extraordinary and compelling circumstances" standard for joining motions to reopen is unavailing. There is no indication the government wishes to join his motion to reopen and in any event that decision is not reviewable by this Court. *See Bolshakov v. INS*, 133 F.3d 1279, 1281–82 (9th Cir.1998) ("No relief or remedy is available if the request is made and the INS refuses to join in the motion.").

The BIA did not abuse its discretion in denying Petitioner's untimely motion to reopen.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

