**Seung Kon LEE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72055.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 12, 2004.

* The panel unanimously finds this case suitable       for decision without oral argument. *See* Fed.

Seung Kon Lee, Tacoma, WA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS—District Counsel, Immigration and Naturalization Service, Seattle, WA, Linda S. Wendtland, Esq., Cindy S. Ferrier, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM **

Seung Kon Lee, a native and citizen of South Korea, petitions pro se for review of the decision of the Board of Immigration

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and deny the petition for review.[1]

■ Even if Lee could establish past persecution based on his brief detentions and mistreatment by the police in the 1980's, substantial evidence supports the IJ's determination that there has been a fundamental change in circumstances such that Lee no longer has a well-founded fear of future persecution by the South Korean authorities. *See id.* at 997; *see also* 8 C.F.R. § 1208.13(b)(1)(i)(A). Moreover, Lee's evidence does not compel a finding that he is eligible for a humanitarian grant of asylum based on the severity of the past harm. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000); *see also* 8 C.F.R. § 1208.13(b)(1)(iii).

■ Lee's past and feared harm by a criminal gang bears no nexus to a protected ground. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998) (finding that threats and violence by criminals did not provide a basis for asylum eligibility). By failing to qualify for asylum, Lee necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez,* 336 F.3d at 1001 n. 5.

■ Lee's fear of the criminal gang also does not compel a finding that he is eligible for CAT relief because he did not show that it is "more likely than not" that he would be tortured upon return, or that the torture would be inflicted " 'at the insti-

gation of or with the consent or acquiescence of a public official or other person acting in an official capacity.' " *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001) (quoting 8 C.F.R. § 208.18(a)(1) (2000)).

■ We agree with Lee that the BIA erred by sending the briefing schedule and transcript of his deportation hearing to the wrong address, and denying his request for an extension of time to file a brief. *See Singh v. Ashcroft,* 362 F.3d 1164, 1168–69 (9th Cir.2004) (holding that the BIA's refusal to allow an applicant to file a brief violated his right to due process). However, our review of the full record reveals that Lee cannot show the requisite prejudice. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002) (holding that in addition to showing a due process violation, an applicant must also show prejudice).

We reject Lee's remaining contentions, and deny his motion to expedite proceedings as unnecessary.

**PETITION FOR REVIEW DENIED.**

---

1. We lack jurisdiction to review the BIA's denial of Lee's motion for reconsideration because Lee did not file a timely petition for

review from that decision. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir. 1996); *see also* 8 U.S.C. § 1252(b)(1).