**Wilmar CARDONA–MOLINA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71835.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Wilmar Cardona–Molina, El Centro, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Linda S. Wendtland, Esq., Frances M. McLaughlin, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Wilmar Cardona–Molina, a native and citizen of Colombia, petitions pro se for review of the decision of the Board of Immigration Appeals, summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Cardona–Molina did not establish past persecution or a well-founded fear of future persecution where he testified that Colombian guerillas kidnaped him because he worked for a wealthy business owner from whom the guerillas sought to extort money. *See Bolshakov v. INS*, 133 F.3d 1279, 1280–81 (9th Cir.1998) (denying petition for review because petitioners did not establish that extortion was on account of an enumerated ground).

Because Cardona–Molina failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withhold-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence supports the IJ's denial of relief under the Convention Against Torture because Cardona–Molina failed to show that it is more likely than not that he would be tortured upon return to Colombia by, or with the acquiescence of, a public official. *See* 8 C.F.R. § 208.18(a)(1); *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

We decline to consider Cardona–Molina's new evidence, and his contentions that he was a member of a communist group in 1976, and that he received threats from a member of the army in 1986, because he failed to exhaust these matters before the BIA. *See* 8 C.F.R. § 1003.2(c)(1) (new evidence); *see Singh–Bathal v. INS*, 170 F.3d 943, 947 (9th Cir.1999) (contentions raised for the first time on appeal).

**PETITION FOR REVIEW DENIED.**