**Elena SIDORKINA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72292.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Elena Sidorkina, Arleta, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Esq., Carolyn Piccotti, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Elena Sidorkina, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's determination that the acts of discrimination did not rise to the level of persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (holding that persecution is an "extreme" concept). The incident at the park, losing her job, and the incident at the police station, while unfortunate, were not persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (record did not compel finding that being teased, bothered, discriminated against, harassed, and fired from job because of religious beliefs rose to level of persecution); *Prasad v. INS,* 47 F.3d 336 (9th Cir.1995) (no finding of persecution or well-founded fear of persecution where applicant was stopped at roadblock, arrested, detained four to six hours, hit in stomach, kicked, and opposing ethnic group pelted house with stones and attempted to steal property); *Fisher v. INS,* 79 F.3d 955, 962 (9th Cir.1996) (en banc) (noting that persecution "does not include mere discrimination, as offensive as it may be."). There is no showing that the remaining incidents were not merely the result of criminal activity. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998).

Substantial evidence also supports the IJ's decision that Sidorkina, a Christian whose grandmother was Jewish, residing in an area where she does not speak the local dialect, with no showing of a worsening condition in the country, has no well-founded fear of persecution. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir. 2000) (claim based on general civil strife insufficient to establish well-founded fear of persecution); *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (mistreatment must be "substantially more grievous in kind or degree than the generalized manifestation of hostility between competing ethnic and religious groups").

Because Sidorkina failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher,* 79 F.3d at 960–61.

Because Sidorkina failed to demonstrate that it was more likely than not that she would be tortured if she returned to Russia, the IJ's properly denied her CAT claim. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**