**Manzurul HUQ; Umme Ruman;
Masudul Huq; Mashiul
Huq, Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–72147.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

Robert G. Berke, Burke Law Offices, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Manzurul Huq, his wife and two children, natives and citizens of Bangladesh, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen deportation proceedings so that they could renew their application for asylum and withholding of deportation in view of changed country conditions, and also apply in the first instance for protection under the Convention Against Torture ("CAT"). We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222–23 (9th Cir.2002). We review for abuse of discretion and will not grant a petition absent evidence that compels a conclusion contrary to that of the agency. *Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998). We review de novo constitutional claims. *Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in concluding that the new evidence Petitioners submitted did not establish prima facie eligibility for asylum or withholding of deportation. *See Bolshakov,* 133 F.3d at 1281 (citing *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). Petitioners also failed to establish prima facie eligibility for relief under CAT because they failed to show it was more likely than not that they would be tortured if deported to Bangladesh. *See* 8 C.F.R. § 208.16(c)(2)(4); *Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We reject Petitioners' claim that the BIA violated their due process rights because they do not overcome the presumption that the BIA reviewed all relevant evidence, and they do not establish any prejudice that resulted from the alleged

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violation. *See Larita–Martinez,* 220 F.3d at 1095–96.

**PETITION FOR REVIEW DENIED.**