**Cecilio CRUZ; Teofista Cruz, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73861.

Agency Nos. A70–818–435, A70–818–436.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, Anthony W. Norwood, Esq., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Cecilio and Teofista Cruz, natives and citizens of the Philippines, petition for re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

view of an order of the Board of Immigration Appeals ("BIA") denying their motions to reconsider and to reopen their removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or to reopen. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition.

■ The BIA did not abuse its discretion in denying the Petitioners' motion for reconsideration because the motion failed to identify errors of fact or law in the BIA's decision. *See* 8 C.F.R. § 1003.2(b)(1) (stating that a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority").

■ The BIA properly denied the Petitioners' motion to reopen to proceed on their application for asylum, withholding of removal, and relief under the Convention Against Torture because they submitted no evidence establishing their prima facie eligibility. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998).

■ We do not consider the Petitioners' challenge to the BIA's denial of their motion to reopen to proceed on their application for adjustment of status because they raised this issue for the first time in their reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) ("Issues raised for the first time in the reply brief are waived").

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.