**Don Tibbsy STEVANO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73647.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., U.S. Department of Justice, Keith E. Dobbins, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Don Tibbsy Stevano, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

8 U.S.C. § 1252. We review for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *See Prasad v. INS*, 47 F.3d 336, 338–39 (9th Cir.1995). We deny the petition for review.

Even accepting Stevano's testimony as credible, substantial evidence supports the BIA's determination that his experiences in Indonesia did not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (holding that persecution is an "extreme" concept). The lone incident of harm that occurred over twenty years ago, where Stevano alleges he was showered with stones by unidentified assailants, was not persecution. *See Prasad*, 47 F.3d 336 at 339–40 (no finding of persecution or well-founded fear of persecution where applicant was stopped at roadblock, arrested, detained four to six hours, hit in stomach, kicked, and opposing ethnic group pelted house with stones and attempted to steal property). There is no showing that the remaining incidents Stevano complains about were not merely the result of criminal activity. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998).

Substantial evidence also supports the BIA's conclusion that Stevano has not demonstrated a well-founded fear of persecution. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) (claim based on general civil strife insufficient to establish well-founded fear of persecution).

We decline to address Stevano's claim that he established a pattern and practice of persecution because he did not exhaust administrative remedies on this claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Because Stevano failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

Stevano's CAT claim fails because he did not demonstrate that it was more likely than not that he would be tortured if he returned to Indonesia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**