Eveline RAHARDJA, et al., Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

Xavier HUSMAN, Petitioner,

v.

Alberto Gonzales,* Attorney General, Respondent.

Nos. 03–74367, 03–74370.
Agency Nos. A75–718–107, A75–718–109, A75–718–108.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM ***

Eveline Rahardja, her husband Xavier Husman, and their daughter Regina Husman, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's determination. Being teased and yelled at one time as a child, and having one's house stoned does not rise to a level of persecution on account of an enumerated ground. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (holding that being teased, bothered, discriminated against, harassed, and fired from job because of religious beliefs did not rise to level of persecution); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (finding no persecution or well-founded fear of persecution where applicant was stopped at roadblock, arrested, detained four to six hours, hit in stomach, kicked, and opposing ethnic group pelted house with stones and attempted to steal property). Likewise, the threats Rahardja received did not rise to a level of persecution. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000). Finally, there was an insufficient showing that the robbery was not merely the result of criminal activity. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998).

Substantial evidence also supports the IJ's conclusion that petitioners do not have a well-founded fear of persecution. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (stating that continual presence of similarly situated family members undercuts applicant's claim of persecution); *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (denying asylum because general civil strife was insufficient to establish well-founded fear of persecution).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

We decline to review the IJ's denial of relief under CAT because it was not properly argued in the opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), Eveline Rahardja and Regina Husman's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire on issuance of this court's mandate.

Xavier Husman does not receive the benefit of *Desta,* 365 F.3d at 750, as the agency did not grant him voluntary departure.

PETITION FOR REVIEW DENIED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.