[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10403
Non-Argument Calendar
_____

Agency Nos. A79-478-573, A79-478-572

JOSE MANUEL VESGA OROZCO,

MARIA DEL PILAR LOPEZ GARCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 31, 2005)


Before TJOFLAT, ANDERSON  and DUBINA, Circuit Judges.

PER CURIAM:

Jose Manuel Vesga-Orozco ("Orozco") and Maria Del Pilar Lopez-Garcia ("Garcia"), both natives and citizens of Colombia, petition through counsel for review of the Immigration Judge's ("IJ's") order directing their removal and denying their applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The IJ's order became the final agency determination when the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision without an opinion. Because Petitioners' removal proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

## I. Background

Petitioners, who are married, argue that they were persecuted on account of their membership in a "particular social group," their family. They contend that the criminal organization to which Garcia's brother belonged has a "vendetta" against the family because it supported the brother's refusal to continue participating in the organization. In support of this claimed vendetta, petitioners note that Garcia's brother disappeared and that her mother was assassinated in

Colombia after urging the government to investigate the brother's disappearance. Petitioners claim that they are afraid that they will meet a similar fate if forced to return to Colombia.

Petitioners maintain that they are not required to show that the sole reason for persecution was on account of a protected ground. They also argue that they have shown by a preponderance of the evidence that they will be threatened or persecuted on their return to Colombia, and that withholding of removal is thus appropriate. Finally, they claim that CAT relief is also appropriate because it is more likely than not that they will be tortured upon their return to Colombia.

## II. Standard of Review

To the extent that the BIA's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it."

3

Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). That evidence in the record may also support a contrary conclusion is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S. Ct. 2245 (2005).

## III. Discussion

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection

4

requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" one of the statutory factors. Al Najjar, 257 F.3d at 1287 (internal quotations and citations omitted) (emphasis in original). An asylum applicant may not show merely that he is a member of a particular social group, but must show that the feared persecution is because of that membership. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). However, if any alien's mistreatment is attributable to criminal activity, it will not amount to persecution on a protected ground. See Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001); Grava v. INS, 205 F.3d 1177, 1181 n. 3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion. Thus, retaliation completely untethered to a governmental system does not afford a basis for asylum."); Bolshakov v. INS, 133 F.3d 1279, 1281 (9th Cir. 1998) (falling victim to criminal activity does not constitute persecution).

If the alien establishes past persecution, it is presumed for both asylum and withholding of relief purposes that his life or freedom would be threatened upon a return to that country unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. §§

5

208.13(b)(1), 208.16(b)(1). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat to his life or freedom on account of a protected ground. Id. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289 (discussing well-founded fear as it applies to asylum). Once a well-founded fear of persecution is established, the burden shifts to the government to show by a preponderance of the evidence that (1) there is a fundamental change in circumstances such that the alien no longer has a well-founded fear of persecution; or (2) the alien could avoid future persecution by relocating to another party of his country or place of last habitual residence and under all the circumstances it would be reasonable to expect the alien to do so. 8 C.F.R. §§ 208.13(b)(1)(i)(A), (B), 208.16(b)(2), (3).

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that if returned to his or her country, the alien's life or freedom would be threatened on account of one of the aforementioned statutorily protected grounds. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287.

To be entitled to relief under the CAT, an applicant must establish that it is

"more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The burden of proof for an applicant seeking relief under the CAT, like that for an applicant seeking withholding of removal under the INA, is higher than the burden imposed on an asylum applicant. Al Najjar, 257 F.3d at 1303-04.

We conclude that substantial evidence supports the IJ's decision that Petitioners were not entitled to asylum. While this court shares the IJ's sympathy for petitioners' situation, we agree that petitioners failed show that they were persecuted, or had a well-founded fear of persecution, on a protected ground. The record contained substantial evidence to conclude that petitioners' feared mistreatment at the hands of drug traffickers was not on account of their membership in their family, but rather was aimed at extorting their silence and retaliating for their reports to Colombian authorities. Thus, while membership in a

7

family can serve as grounds for obtaining refugee status, it does not do so in this case.

Petitioners' withholding of removal claims under the INA and CAT also fail, both because petitioners did not establish eligibility for asylum, which carries a lower burden of proof, and because there is no evidence that any feared torture would be carried out by the Colombian government or by others with government acquiescence. Al Najjar, 257 F.3d at 1293, 1303; 8 C.F.R. § 208.18(a)(1). Additionally, the fact that the government has apprehended and prosecuted one of the men who assassinated Garcia's mother indicates that the drug traffickers whom petitioners fear are not operating above the law.

Upon review of the record, and having considered the briefs of the parties, we discern no reversible error.

Based upon the foregoing, we deny the petition for review.

**PETITION DENIED.**