Edgardo Antonio **CASTRO–RAMIREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74049.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Carolyn E. Reinholdt, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Patricia A. Smith, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Edgardo Antonio Castro–Ramirez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels such a result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the IJ's finding that Castro–Ramirez failed to establish either past persecution or a well-founded fear of future persecution on account of an enumerated ground because he did not demonstrate gang members assaulted him, even in part, because of an enumerated ground, rather than because he refused to join their gang. *See Bolshakov v. INS,* 133 F.3d 1279, 1280–81 (9th Cir.1999).

■ Because Castro–Ramirez failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Castro–Ramirez's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. On appeal, Castro–Ramirez also argues that he is eligible for relief under the Convention Against Torture ("CAT"), but he did not apply for CAT relief and did not argue his eligibility before the agency. The court has no jurisdiction over this unexhausted claim. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

