133 F.3d 1279
 98 Cal. Daily Op. Serv. 427, 98 Daily Journal
D.A.R. 619
Boris Victorovich BOLSHAKOV; Elena Alekseevna Litvinova, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70615.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1997.
Decided Jan. 16, 1998.
 
 Terrence McGuire, David Ettlinger Cowan, Los Angeles, CA, for petitioners.
 James A. Hunolt, Norah Ascoli Schwarz, argued, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for respondent.
 Petition to Review a Decision of the Immigration and Naturalization Service. INS Nos. Atp-nke-kcl Ajh-frb-jhy.
 Before: BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Petitioners, Boris Victorovich Bolshakov and Elena Alekseevna Litvinova's, motion to reopen their case was denied by the Board of Immigration Appeals (BIA) because their new evidence was not material to asylum or withholding of deportation. They appealed that decision to this court and also make a second motion for reopening and remand to the BIA based upon possible eligibility for a change in status which is separate from the asylum appeal.
 
 
 2
 Petitioner, Bolshakov, is a Russian citizen who operated a shop in Moscow. Petitioner, Litvinova, was his assistant and is now his wife. In 1991 three men entered the shop, demanded money, attacked Bolshakov and Litvinova when they refused to pay, and threatened Bolshakov's life. The incident was reported to the local authorities who promised to deal with the situation. However, the threats and violence continued. Bolshakov and Litvinova were attacked and threatened outside the shop. They eventually abandoned the business and came to this country as visitors.
 
 
 3
 They overstayed their visas and Orders to Show Cause were issued against them. Both were found deportable by the Immigration Judge (IJ) under 8 U.S.C. § 1251(a)(1)(B). Both filed and withdrew applications for asylum and withholding of deportation, but were granted voluntary departure.
 
 
 4
 On December 18, 1995, they filed a motion to reopen, citing letters from Bolshakov's mother as new evidence that his life was in danger in Russia, in order to pursue a grant of asylum. The letters indicated that the same men who harassed Bolshakov in 1991 were still looking for him and intended to kill him if he returned to Moscow. There was also news that his ex-boss was in the hospital and one of his friends had been found dead.
 
 
 5
 The IJ found that the new evidence was not material and previously unavailable, and denied the motion to reopen. Petitioners now appeal the BIA decision which affirmed the IJ.
 
 I. Asylum
 
 6
 We review the BIA's decision not to reopen the asylum case for abuse of discretion and will not grant a petition absent evidence which compels a contrary conclusion. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 816-17, 117 L.Ed.2d 38 (1992). The evidence presented here is not so compelling.
 
 
 7
 Asylum is granted when the alien has been subjected to persecution based on race, religion, nationality, membership in a particular group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158. The petitioners have not presented evidence of persecution based on any of these defined categories; instead the evidence at most shows that they had been the victim of criminal activity in Russia. To be eligible for asylum, the petitioners must present evidence that their harassers knew of, and pursued them because of, race, religion, nationality, membership in a particular group, or political opinion. Elias-Zacarias, 502 U.S. at 481-483, 112 S.Ct. at 815-17.
 
 
 8
 The BIA correctly analyzed petitioners' evidence as neither a prima facie case for asylum pursuant to 8 U.S.C. sections 1101(a)(42) and 1158, nor as evidence of new circumstances arising since the original hearings which would allow reopening of the case. INS v. Abudu, 485 U.S. 94, 104-105, 108 S.Ct. 904, 911-12, 99 L.Ed.2d 90 (1988).
 
 
 9
 The petition for review is denied.
 
 II. Second Motion To Reopen
 
 10
 A party may file only one motion to reopen deportation proceedings and the motion must be filed no later than 90 days after the date of the final administrative decision or before September 30, 1996, whichever is later. 8 C.F.R. § 3.2(c)(2).
 
 
 11
 Here, the final administrative decision was reached June 6, 1996 and this motion was filed July 10, 1997. Thus the petitioners cannot meet the 90 day requirement.
 
 
 12
 The petitioners have already filed one motion to reopen, which is the underlying matter currently under review. Under section 3.2(c)(2), they may not file a second motion to reopen. 8 C.F.R. § 3.2(c)(2).
 
 
 13
 Three exceptions to the number and time restrictions are enumerated in section 3.2(c)(3). Only one applies to petitioners. That is section 3.2(c)(3)(iii), which allows additional motions to reopen if agreed upon by all parties and filed jointly. 8 C.F.R. § 3.2(c)(3)(iii). There is no evidence in the record that the parties have agreed to or jointly filed a second motion to reopen.
 
 A. Exhaustion of Administrative Remedies
 
 14
 The Immigration and Naturalization Service (INS) maintains that the exception in section 3.2(c)(3)(iii) is an administrative remedy that must be exhausted before an alien can petition the Court of Appeals. While 8 U.S.C. section 1252(d) requires that administrative remedies be exhausted before petitioning this court, we find that the exception in 8 C.F.R. section 3.2(c)(iii) cannot be defined as an administrative remedy.
 
 
 15
 The regulation specifically limits an alien in petitioners' situation to one motion to reopen. 8 C.F.R. § 3.2(c). The plain meaning of the regulation is that unless there is an agreement between the parties and joint filing, no second motion can be filed. No relief or remedy is available if the request is made and the INS refuses to join in the motion. The requirements of section 3.2(c)(3)(iii) are not those of exhaustion, but of preclusion.
 
 B. Order To Remand and Reopen
 
 16
 The petitioners ask this court to order the BIA to reopen their case. Our authority to order the BIA to consider new evidence comes from 28 U.S.C. section 2347(c). Under that statute we may compel the BIA to rehear the case if the new evidence is material and there were reasonable grounds for failing to present it initially.
 
 
 17
 Petitioners' new evidence is Bolshakov's potential eligibility for a change in status based on his recent certification as a gifted artist. There is no evidence in the record indicating that he "became" a gifted artist after he filed the first motion to reopen, or that his gifted status is "new". He could have applied for such status when he first entered the country, but instead he made an application for asylum which failed.
 
 
 18
 He is subject to deportation and this latest motion to reopen is an attempt to avoid that deportation. His delay in applying for gifted artist status can be seen as a dilatory tactic providing an independent ground for declining to remand his case to the BIA. See Dolores v. INS, 772 F.2d 223, 227 (6th Cir.1985).
 
 
 19
 In light of the circumstances of this case, we will not order reopening.
 
 
 20
 Petition for review is DENIED.
 
 
 21
 Motion to reopen is DENIED.