Bertha Brasilia MANSILLA–
CASTILLO, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 00–71447.

I & NS No. A72 885 683.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2002.*

Decided Feb. 7, 2002.

Before PREGERSON, RYMER, and
T.G. NELSON, Circuit Judges.

**MEMORANDUM****

Petitioner Bertha Brasilia Mansilla–
Castillo ("Mansilla") seeks review of the

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

final order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the Immigration Judge's ("IJ") denial of her requests for asylum and withholding of exclusion and deportation. Where, as here, the BIA conducts its own review of the record, makes its own findings, and independently determines the sufficiency of the evidence, we review the BIA's determinations rather than those of the IJ. *Surita v. INS*, 95 F.3d 814, 819 (9th Cir.1996). We review the BIA's factual decision that an alien has not established eligibility for asylum and withholding of deportation under the substantial evidence standard. *Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). For us to reverse the BIA's decision, Mansilla must establish not just that the evidence supports a contrary decision, but that it compels it. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Applying this standard, we deny the petition for review. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ Mansilla first argues that the BIA erred because it failed to review the evidence under a theory of past persecution or a well-founded fear of future persecution on account of membership in a particular social group, and instead reviewed the evidence only under a theory of persecution on account of political opinion. The plain language of the BIA's decision refutes this argument:

> We do not find adequate evidence that the threat of harm the applicant would suffer in Peru, involving the criminal actions of terrorists who sought to extort money from her father and her family, was on account of a ground protected under the Immigration and Nationality Act, *specifically her* race, religion, nationality, *membership in a*

*particular social group,* or political opinion.

(Emphasis added). The BIA thus considered whether Mansilla qualified for asylum based on her membership in a particular social group. The BIA moreover explained that "the incidents of persecution by the alleged terrorists described by the applicant appear to be more no more than examples of criminal extortion." The evidence does not compel a contrary conclusion. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998) (no grounds for asylum where evidence at most showed that petitioners had been the victim of criminal activity).

■ Mansilla next argues that the IJ denied her a full and fair hearing and thereby violated her right to due process. We review claims of due process violations in deportation proceedings de novo and will reverse the BIA's decision on due process grounds if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)).

The transcript does not bear out Mansilla's allegation. At the beginning of the testimony of Mansilla and her witness, the IJ asked Mansilla's attorney to conduct the interrogation. Some of the testimony was in narrative form. At the end of the testimony, the IJ asked Mansilla's attorney whether he had anything further. These proceedings were not so "fundamentally unfair that the alien was prevented from reasonably presenting [her] case." *Id.*

We also require an alien to show prejudice, which means that the outcome of the proceeding may have been affected by the

alleged violation. *Id.* Mansilla has made no such showing.

PETITION DENIED