**Walter Ariel GONZALEZ–RAMIREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70184.

INS No. A72–666–400.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Walter Ariel Gonzalez–Ramirez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his applica-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence, *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and we deny the petition for review.

Gonzalez–Ramirez contends that he suffered past persecution on account of political opinion. Substantial evidence supports the BIA's factual finding that, at most, Gonzalez–Ramirez established that he had been the victim of criminal activity in Guatemala. *See Bolshakov v. INS*, 133 F.3d 1279, 1280–81 (9th Cir.1998). Because Gonzalez–Ramirez failed to establish past persecution or a well-founded fear of future persecution on account of a statutorily protected ground, Gonzalez–Ramirez failed to establish eligibility for asylum. *See Singh v. INS*, 134 F.3d 962, 971 (9th Cir. 1998).

Because Gonzalez–Ramirez failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

PETITION FOR REVIEW DENIED.