Georgy STRIGUNOV, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70512,

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, U.S. Department of Justice, Seattle, WA, James A. Hunolt, Esq., Allen W. Hausman, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Georgy Strigunov, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence because the BIA adopted the IJ's reasoning. *Vallecillo–Castillo v. INS,* 121 F.3d 1237, 1238–39 (9th Cir.1996). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Strigunov was not persecuted on account of a protected ground because the treatment Strigunov received in Russia amounted to nothing more than criminal extortion. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998).

Strigunov, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.