**Edgardo M. ALIANZA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71717.

Agency No. A75–020–326.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Edgardo M. Alianza, a native and citizen of the Philippines, petitions for review from the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decisions denying his applications for asylum, withholding of deportation, and suspension of deportation. Alianza also petitions for review the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review de novo due process challenges. *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003). We review the denial of a motion to reopen for abuse of discretion. *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998). We deny the petition for review.

Alianza contends that the IJ denied him due process by restricting the breadth of his direct testimony and refusing to permit his expert witness to testify. This contention fails because Alianza does not demonstrate that he was prejudiced by the IJ's conduct. *See Padilla*, 334 F.3d at 924–25 (concluding that due process challenge failed because the petitioner could not demonstrate any "plausible ground for relief," and therefore could not prove the requisite prejudice). The IJ restricted Alianza's direct testimony only after Alianza's own attorney's line of questioning failed to elicit testimony demonstrating a reasonable fear of persecution based on religion or other protected ground. Similarly, the expert witness would have testified only about generalized fears of violence in the Philippines, and Filipino social conventions, but would not have provided any evidence specific to Alianza's case.

Crisostomo G. Ibarra, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Zita H. Brooks, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**770**

The BIA did not abuse its discretion in denying Alianza's motion to reopen. As to much of the new evidence offered in support of his motion, Alianza has not demonstrated that it was not available at his hearing. *See* 8 C.F.R. § 1003.2(c)(1). Further, even considering all the new evidence, Alianza has not demonstrated prima facie eligibility for the requested relief. *See Bolshakov,* 133 F.3d at 1281.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Alianza's voluntary departure period will begin to run upon issuance of the court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.