**Amritpal Kaur SAR, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73281.
Agency No. A72–112–098.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.\*\*

Decided Sept. 21, 2004.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Blair T. O'Connor, Emily A. Radford, Attorney, Allen W. Hausman, Attorney, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM ***

Amritpal Kaur Sar, a native of Malaysia and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review both an adverse credibility finding and the denial of asylum for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's holding that Sar was not persecuted on account of an enumerated ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998) (applicants seeking to prove persecution must show more than merely "that they had been the victim of criminal activity," and that their harrasers knew of, and pursued them because of, race, religion, nationality, membership in a particular group, or political opinion); *Hoxha v.*

*** This disposition is not appropriate for publication and may not be cited to or by the

*Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (concluding harassment, threats, and one beating, while "disturbing and regrettable, they do not evince actions so severe as to compel a finding of past persecution").

Because Sar failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Sar's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Sar's voluntary departure period will begin to run on the issuance of this court's mandate.

### PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.