**Virgilia Miranda DONIS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72008.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Areg Kazaryan, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Barry J. Pettinato, Esq., Ethan B. Kanter, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Virgilia Miranda Donis, a native and citizen of Guatemala, petitions for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge of her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's determination that, even assuming Donis's testimony was credible, her mistreatment by guerillas did not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (holding that persecution is an "extreme" concept); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (concluding no persecution where applicant was stopped at roadblock, arrested, detained four to six hours, hit in stomach, kicked, and opposing ethnic group pelted house with stones and attempted to steal property). Moreover, there is no showing that incidents were not simply criminal activity, or that the mistreatment was on account of an enumerated ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998) (applicants seeking to prove persecution must show more than merely "that they had been the victim of criminal activity," and that their harassers knew of, and pursued them because of race, religion, nationality, membership in a particular group, or political opinion).

Substantial evidence also supports the BIA's finding that Donis faces a significantly diminished chance of harm if she returns to Guatemala because, although violence may mark the country, the government and the guerrillas have agreed to accords of peace. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003).

Donis's contention that the BIA failed to address her claims under withholding of removal and CAT lacks merit because the BIA did address both claims.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the