**Sofjanarti HERMANTO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74082.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., David B. Wiseman, Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Sofjanarti Hermanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000), and reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Even assuming Hermanto testified credibly, substantial evidence supports the BIA's and IJ's determination that she has not experienced persecution in Indonesia. Hermanto testified that she was not harmed at any time during any of the events she described, and was not present or protected by police during some of the events. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (finding no persecution or well-founded fear of persecution where applicant was stopped at roadblock, arrested, detained four to six hours, hit in stomach, kicked, and opposing ethnic group pelted house with stones and attempted to steal property); *Nagoulko v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003) (holding that being teased, bothered, discriminated against, harassed, and fired from job because of religious beliefs did not rise to level of persecution); *Fisher v. INS,* 79 F.3d 955, 962 (9th Cir.1996) (en banc) (noting that persecution "does not include mere discrimination, as offensive as it may be."). Moreover, there is an insufficient showing that the two robberies Hermanto describes were not merely the result of criminal activity. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998).

Substantial evidence also supports the BIA's and IJ's conclusion that Hermanto does not have a well-founded fear of persecution. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (denying asylum because general civil strife was insufficient to establish well-founded fear of persecution); *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (mistreatment must be "substantially more grievous in kind or degree than the general manifestation of hostility between competing ethnic and religious groups").

We decline to address Hermanto's claim that she established a pattern and practice of persecution because she did not exhaust this claim before the IJ or the BIA. *See Ndom v. Ashcroft,* 384 F.3d 743, 756 n. 8 (9th Cir.2004).

Because Hermanto failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher,* 79 F.3d at 960–61. Hermanto's CAT claim fails because she did not demonstrate that it was more likely than not that she would be tortured if she returned to Indonesia.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**