**Stanislaw OZGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76097.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.\*

Filed May 18, 2006.

Stanislaw Ozga, Wallington, NJ, pro se.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., John S. Hogan, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Stanislaw Ozga, a native and citizen of Poland, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination. Ozga testified he was attacked and injured by the mafia, yet he failed to mention the event in his otherwise detailed asylum application. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (upholding adverse credibility finding where alien failed to mention pivotal event in asylum application). The IJ also based his decision on his observation that Ozga often paused after questions were translated and failed to answer questions directly. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) ("We give 'special deference' to a credibility determination that is based on demeanor.").

In addition, neither Ozga's testimony, nor any other evidence in the record, compels the conclusion that Ozga was persecuted or would be persecuted on account of political opinion or any other protected ground. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998) (holding that victimization by criminals did not constitute persecution on account of an enumerated ground).

In the absence of credible testimony or a nexus to a protected ground, Ozga failed to demonstrate eligibility for asylum and withholding of removal. *See Alvarez–Santos,* 332 F.3d at 1255.

We do not consider Ozga's contention that he has a valid claim under the Convention Against Torture because he did not raise the claim before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 931 (9th

Cir.2004) (the exhaustion requirement applies to "streamlined" cases).

Ozga's contention that the BIA's decision to streamline violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Finally, the absence of a proper opportunity for Ozga to explain all discrepancies in the record requires us to overturn the conclusion that the application was knowingly frivolous. *See* 8 U.S.C. § 1158(d)(6); *Farah v. Ashcroft,* 348 F.3d 1153, 1158 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**