**Rudi Danilo SANTOS–DAVILA, Petitioner—Appellant,**

v.

**Alberto R. GONZALES, Attorney General, Respondent— Appellee.**

No. 05–74360.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner–Appellant.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. Maclachlan, Esq., Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent–Appellee.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Rudi Danilo Santos–Davila, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order affirming, without opinion, an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing legal conclusions de novo and factual findings for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005), we deny the petition for review.

Santos–Davila contends he was threatened and fears persecution on account of his membership in a social group consisting of young men from a small town in Guatemala where criminal gang members are present, who refuse to join the gang. We agree with the IJ's conclusion that Santos–Davila did not establish his membership in a particular social group be-

cause Santos–Davila testified that all young men from small towns in Guatemala are subject to a similar risk of persecution. *See id.* at 1170–71 (holding that a social group defined as "business owners who resist pressure from narco-traffickers to participate in illegal activity" was "too broad"); *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir.1998) (explaining that evidence of criminal street gang activity does not establish persecution on account of a protected ground). Accordingly, Santos–Davila has failed to establish eligibility for asylum or withholding of removal. *See Ochoa*, 406 F.3d at 1171–72.

Santos–Davila's remaining contentions are without merit.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

