**Mirna Leticia CRESPO MEZA; Guillermo Edgardo Crespo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71690.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 13, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter L. Ashman, Esq., Las Vegas, NV, for Petitioners.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Matthew J. Bester, Esq., U.S. Department of Justice Antitrust Division, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Mirna Leticia Crespo Meza and Guillermo Edgardo Crespo, wife and husband, are natives and citizens of Guatemala who petition for review of the Board of Immigration Appeals order affirming, without opinion, the Immigration Judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Crespo Meza failed to establish that she faces a well-founded fear of future persecution on account of an enumerated ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1280–81 (9th Cir.1998) (denying petition for review because petitioners did not establish that extortion was on account of an enumerated ground). Crespo Meza did not provide sufficient evidence to compel the conclusion that the unidentified individuals who kidnapped her brother and made telephone calls to her family threatening her safety were motivated by her family's political or religious activity. *Id.*

Because Crespo Meza did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.