**Benito CRUZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74767.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Benito Cruz, Arleta, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN and M. SMITH, Circuit Judges.

## MEMORANDUM **

Benito Cruz, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Even assuming Cruz was credible, substantial evidence supports the IJ's finding that he failed to establish that the harm he experienced during his encounters with members of the Mara Salvatrucha gang was on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (stating that random criminal acts bore no nexus to a protected ground); *see also Bolshakov v. INS*, 133 F.3d 1279, 1280–81 (9th Cir.1998). Accordingly, Cruz has failed to establish eligibility for asylum.

By failing to qualify for asylum, it follows that Cruz did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

