**Elena Anatole VOLOSCIUC; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71125.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Feb. 4, 2008.

Olga Standifer, San Jose, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Elena Anatole Volosciuc ("Volosciuc"), her husband, and their two children (col-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lectively, "petitioners") petition for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") decision denying the petitioners' application for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's conclusion that Volosciuc was not persecuted on the basis of her ethnicity. The mistreatment Volosciuc suffered at work, even assuming it was because of her ethnicity, amounts to discrimination and harassment, not persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir. 2003). Volosciuc presents no evidence that the head of the Moldavian Red Cross is a government actor, and she does not challenge on appeal the IJ's finding that Volosciuc failed to demonstrate that the Moldavian government is unwilling or unable to control the Red Cross. *See Ahmed v. Keisler,* 504 F.3d 1183, 1191 (9th Cir.2007). The evidence does not compel the conclusion that the extortion Volosciuc suffered and threats she received were on the basis of her ethnicity. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998). Finally, Volosciuc failed to demonstrate that the government was unable or unwilling to control her son's attackers; the police conducted an investigation and placed the attackers on a special registration list for children accused of crimes.

The temporary stay of removal and stay of voluntary departure period continue until issuance of mandate.

**PETITION FOR REVIEW DENIED.**

---

1. Petitioners do not challenge on appeal the IJ's denial of their applications for withholding of removal and relief under the Convention Against Torture.

