**XIAO YAN WENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70942.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 21, 2009.

J. Jack Artz, Esq., Norwalk, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Yoshinori H.T. Himel, AUSA, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Xiao Yan Weng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order summarily dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's denial of asylum with respect to Weng's claim based on China's population control policy because Weng did not establish that she suffered past persecution due to her mother's forced sterilization 15 years ago. *See id.* at 1016–17; *see also Zhang v. Gonzales*, 408 F.3d 1239, 1244–46 (9th Cir.2005). Substantial evidence also supports the IJ's determination that Weng's fear of future harm is not objectively reasonable because her fear of forced sterilization if returned to China is too speculative. *See Nagoulko*, 333 F.3d at 1018.

Substantial evidence also supports the IJ's denial of asylum with respect to Weng's coerced marriage claim because Weng did not show she was harmed in the past or will be harmed in the future on account of a protected ground, *see Bolshakov v. INS*, 133 F.3d 1279, 1280–81 (9th Cir.1998), or that the harms she suffered were committed by forces the government was unwilling or unable to control, *see Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, we reject Weng's contention that the IJ erred in finding that she could not establish past persecution on account of her gender alone. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir.2005) ("Key to establishing a particular social group is ensuring that the group is narrowly defined.") (internal quotation omitted); *see also Chavez v. INS*, 723 F.2d 1431, 1434 (9th Cir.1984) (alien's "status as a 'young urban male' is not specific enough for asylum").

**PETITION FOR REVIEW DENIED.**