**Olga Lidia PIERCEALL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73041.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sharon A. Healey, Law Office of Sharon A. Healey, Catherine Susan Willmore, Esquire, Law Office of Catherine Willmore, PLLC, Seattle, WA, for Petitioner.

David V. Bernal, Assistant Director, OIL, Margaret Kuehne Taylor, Julia Tyler, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Olga Lidia Pierceall, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' order dismissing her appeal of an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

█ The record does not compel the conclusion that Pierceall has shown changed or extraordinary circumstances to excuse the untimely filing of her asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657–58 (9th Cir.2007) (per cu-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

riam). Pierceall's contention that the IJ implied changed country conditions was the only exception to the one-year filing deadline is belied by the record. We reject Pierceall's contention that the IJ failed to consider whether her mental health issues excused her untimely asylum application because Pierceall did not raise this issue to the IJ. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation). Accordingly, Pierceall's asylum claim fails.

■ Substantial evidence supports the IJ's denial of withholding of removal because the Pierceall did not demonstrate that the sexual assault and harassment she experienced established past persecution or a clear probability of future persecution on account of a protected ground. *See Bolshakov v. INS,* 133 F.3d 1279, 1280–81 (9th Cir.1998).

■ Finally, substantial evidence supports the IJ's denial of CAT protection because Pierceall failed to establish that it is more likely than not she would be tortured if returned to Romania. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**