**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODOLFO ROXAS GERONIMO;
VERONICA MANGUERRA
GERONIMO,

          Petitioners,

  v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

No. 06-75391

Agency Nos. A070-142-040
               A070-142-041

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    Rodolfo Roxas Geronimo, and his wife, Veronica Manguerra Geronimo,

natives and citizens of the Philippines, petition for review of the Board of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish past persecution because the threats they received did not rise to the level of persecution. *See id*. at 936. Substantial evidence further supports the agency's denial of asylum because petitioners failed to establish that the New People's Army threatened them on account of a protected ground, *see Bolshakov v. INS*, 133 F.3d 1279, 1280-82 (9th Cir. 1998), and failed to establish the incidents involving their son and their employees were connected to their own problems with the New People's Army, *see Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (requiring that any pattern of persecution against family members be "closely tied to the petitioner"). Finally, substantial evidence supports the agency's finding that petitioners did not demonstrate that the Philippine government was unwilling or unable to control their persecutors. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Accordingly, petitioners' asylum claim fails.

**PETITION FOR REVIEW DENIED.**