**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANJIT SINGH, | No. 06-73492 |
| Petitioner, | Agency No. A076-359-587 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Petitioner Manjit Singh, a native and citizen of India, seeks review of a

Board of Immigration Appeals' (BIA) order that denied him asylum, withholding

of removal, and protection under the Convention Against Torture (CAT) because

his application was deemed not credible. In addition, Singh moves this court to

remand his petition to the Department of Homeland Security to adjudicate his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

request for an adjustment of status based on his marriage to a U.S. citizen. Because the remaining facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) over Singh's challenge to the adverse-credibility determination. We deny in part and dismiss in part.

Contrary to Singh's argument, the fraudulent divorce decree submitted by him is no longer at issue—it is not even mentioned in the BIA's decision. Rather, the IJ and BIA both found that Singh's oral testimony was materially inconsistent with the written affidavits he submitted with his application. Because those affidavits detailed unfounded criminal charges purportedly filed against Singh on account on his Sikhism as well as persecution of his family members, they went to "the heart of [Singh's] claim." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). Contrary to prior cases where we have excused inconsistencies in the details of a persecution, *see, e.g.*, *Chawla v. Holder*, 599 F.3d 998 (9th Cir. 2010), the record here, which is bereft of other materials to support Singh's account of events, does not allow such a result. While we recognize that a paucity of evidence is not an independent basis to penalize the Petitioner, the absence of corroboration also does not help Singh, as the record in no sense "compels" us to reach a conclusion contrary to the BIA's. *Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir.

1998) ("We merely determine whether the evidence *compels* such a conclusion.") (emphasis in original).

Moreover, when the IJ gave Singh an opportunity to explain the problems in his story, he demurred, claiming he had not read the documents he submitted in support of his application or that "maybe it slipped out of [his] mind." But, simply forgetting about essential parts and claims of one's own asylum application is a fair basis to deem a petitioner not credible. *Cf. Shire v. Ashcroft*, 388 F.3d 1288, 1296-97 (9th Cir. 2004) (excusing applicant's failure to remember that his bags had been searched by customs officials at an airport). Thus, we deny Singh's challenge to the adverse-credibility determination.

Finally, we lack jurisdiction to remand this matter to the BIA to consider Singh's application to adjust his status. Although we may order the BIA to reopen a petition to consider new evidence for adjustment purposes, such as a marriage to U.S. citizen, *see Bolshakov v. INS*, 133 F.3d 1279, 1282 (9th Cir. 1998), a petitioner must seek a ruling from the BIA before applying to this court. *See* 8 U.S.C. § 1252(d). The BIA has not yet considered Singh's most recent application to adjust his status, and we therefore lack jurisdiction to consider this element of his appeal.

**PETITION DENIED IN PART AND DISMISSED IN PART.**