**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILMER ALONSO CORREA COLORADO; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70648 <br><br> Agency Nos. A098-822-718 <br> A098-822-719 <br> A098-822-720 <br> A098-822-721 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Wilmer Alonso Correa Colorado and his family, natives and citizens of

Colombia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we deny the petition for review.

Colorado contends he suffered past persecution and has a well-founded fear of future persecution by a paramilitary group or the Revolutionary Armed Forces of Colombia on account of his actual or imputed political opinion. Contrary to his contention, the record supports the agency's finding that these groups targeted Colorado in order to extort money from him. Accordingly, substantial evidence supports the agency's conclusion that Colorado did not establish he suffered past persecution or fears future persecution on account of a protected ground. *See id.*; *see also Bolshakov v. INS*, 133 F.3d 1279, 1280-81 (9th Cir. 1998) (criminal activity does not establish persecution on account of a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, petitioners' asylum claim fails.

Because Colorado failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Colorado failed to establish it is more likely than not that he will be tortured if returned to Colombia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**