**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIAN YACOB PARASIAN, | No. 09-71785 |
| Petitioner, | Agency No. A096-497-428 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Julian Yacob Parasian, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Parasian were credible and had established harm rising to the level of persecution, he failed to show that the harm he suffered in Indonesia was on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-84 (1992) (evidence must compel the conclusion persecutors are motivated by a protected ground); *Bolshakov v. INS*, 133 F.3d 1279, 1280-81 (9th Cir. 1998) (concluding petitioners failed to show extortion was on account of an enumerated ground). In addition, the record does not compel the conclusion that Parasian established a well-founded fear of future persecution because, even as a member of a disfavored group, Parasian did not present evidence of individualized risk. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (en banc). Further, substantial evidence supports the agency's finding that Parasian did not demonstrate a pattern or practice of persecution of Christians in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009). Accordingly, Parasian's asylum claim fails.

09-71785

Because Parasian did not establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of Parasian's CAT claim because he failed to establish it is more likely than not he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

We grant the government's motion to strike the appendix from Parasian's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court may not consider evidence that is not part of the administrative record).

**PETITION FOR REVIEW DENIED.**

09-71785