**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BESMIRA CELMETA, | No. 10-71842 |
| Petitioner, | Agency No. A096-351-438 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Besmira Celmeta, a native and citizen of Albania, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

an abuse of discretion the BIA's denial of a motion to reopen, and we review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo legal questions. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Celmeta's motion to reopen as untimely where the motion was filed over four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Celmeta failed to present sufficient evidence of changed circumstances in Albania to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (material new evidence must be qualitatively different from the evidence presented at the prior proceeding); *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998) (the BIA correctly concluded that petitioners evidence of renewed threats did not show new circumstances).

We reject Celmeta's contention that the BIA erred in relying on the immigration judge's original conclusions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation). We decline Celmeta's request to remand for the agency to consider *Baghdasaryan v. Holder*, 592 F.3d 1018 (9th Cir. 2010).

10-71842

Finally, Celmeta's request that the stay of removal and voluntary departure remain in effect is moot in light of our November 2, 2010 order denying her request for a stay of removal.

**PETITION FOR REVIEW DENIED.**

Judge Berzon:

I would instruct, prior to issuing a decision on the merits, that the parties confer with the Ninth Circuit Mediation Office regarding whether they wish to engage in mediation.