NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YONGZHOU LI,

      Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

No. 22-1446

Agency No.
A216-258-918

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023[**]
San Francisco, California

Before: WARDLAW, M. SMITH, and RAYES.[***]

Yongzhou Li ("Li"), a citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming the decision of an

Immigration Judge ("IJ") denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context. Where, as here, the BIA adopts the IJ's decision and adds its own reasoning, "we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the agency's conclusion that Li failed to demonstrate eligibility for asylum or withholding of removal. To be eligible for asylum, a petitioner must present evidence of a nexus between his past or feared persecution and his "race, religion, nationality, membership in a particular group, or political opinion." *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998). The agency reasonably concluded that the attackers who beat Petitioner did not know of or impute to Petitioner any political opinion (the only protected category he alleged) and instead attacked him in a private act of extortion. *See id.* (holding that applicants who had allegedly been attacked in an extortion attempt had, "at most show[n] they had been the victim[s] of criminal activity in Russia"). Li does not present any evidence that "compels a contrary conclusion" to the one reached by the BIA. *See id.* Therefore, substantial evidence supports the BIA's denial of both Li's claims for asylum and withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995) ("[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.").

2

2.      Substantial evidence also supports the BIA's determination that Li did not establish eligibility for CAT protection. To qualify for CAT protection, a noncitizen must show "that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). "Torture" is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). The record does not compel the conclusion that Li's treatment in China rose to the level of torture. The agency reasonably found that Li lived in China and free from harm for months after the attack and that Petitioner's generalized allegations of mistreatment by the Chinese government was not objective evidence showing that China acquiesced to torture specifically targeted at Li. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (denying relief where allegations of mistreatment were not specific to the petitioner). And, as the IJ found, Li did not demonstrate that he could not relocate to another area of China without being harmed. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020).

**PETITION DENIED.**

22-1446