**Argine HOVANNISYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–72894.**

United States Court of Appeals,
Ninth Circuit.

---

4. Because we affirm the district court's grant of summary judgment on this basis we need not address the district court's alternative basis for summary judgment.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Law Office of Alexander Markman, San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Argine Hovannisyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996), and we deny the petition.

■ We deny Hovannisyan's request to be granted asylum as a matter of discretion because the decision to grant or deny asylum "is assigned by statute to the discretion of the Attorney General." *See Andriasian v. INS*, 180 F.3d 1033, 1040–41 (9th Cir.1999) (internal citations omitted).

■ In regards to Hovannisyan's eligibility for asylum, substantial evidence sup-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ports the IJ's finding that Hovannisyan failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground because she failed to show that the harm she experienced was anything more than criminal activity. *See Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998), *see also* 8 U.S.C. § 1101(a)(42)(A).

■ Because Hovannisyan failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.