**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAJID ALI,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 07-72723

Agency No. A099-630-130

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Sajid Ali, a native and citizen of Pakistan, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we deny the petition for review.

The record does not compel the conclusion that extraordinary circumstances excused Ali's untimely filed asylum application.  *See* 8 C.F.R. § 1208.4(a)(5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Ali's contention that the IJ failed to properly evaluate his extraordinary circumstances claim is belied by the record.  Accordingly, Ali's asylum claim fails.

Substantial evidence supports the IJ's conclusion that Ali failed to establish his cousin's verbal and physical attacks against him based on his cousin's desire to own family property were on account of a protected ground.  *See Bolshakov v. INS*, 133 F.3d 1279, 1280-81 (9th Cir. 1998) (denying petition for review because petitioners did not establish that extortion was on account of an enumerated ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Accordingly, we deny the petition as to Ali's withholding of removal claim.  *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence also supports the IJ's denial of CAT relief because Ali failed to demonstrate it is more likely than not he would be tortured by, at the

instigation of, or with the consent or acquiescence of a public official if returned to

Pakistan.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**