**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERWIN HERRERA, a.k.a. Jose Manuel Castillo, | No. 08-74543 |
| Petitioner, | Agency No. A078-039-482 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Erwin Herrera, a native and citizen of Honduras, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft* , 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Herrera established past persecution by the Gonzalez family on account of a protected ground, any presumption of a clear probability of future persecution was rebutted by evidence that he could reasonably relocate within Honduras. *See* 8 C.F.R. § 1208.16(b)(1)(i)(B); *Gonzalez-Hernandez*, 336 F.3d at 998-99. Herrera's contention that the agency applied the wrong standard when determining it was reasonable for him to relocate is belied by the record.

Substantial evidence also supports the agency's determination that Herrera failed to establish his uncle's threats regarding Herrera's continued financial support of his grandmother were on account of a protected ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1280-81 (9th Cir. 1998) (criminal activity does not establish persecution on account of a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Herrera's withholding of removal claim fails.

08-74543

Herrera has not raised any direct challenge to the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (stating that issues not supported by argument are deemed abandoned).

Finally, we deny Herrera's request for a remand because the BIA sufficiently articulated the reasons for its decision. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

08-74543