*Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005). Accordingly, their asylum claim fails.

Because petitioners failed to meet the lower burden of proof for asylum, their claims for withholding of removal necessarily fail. *See Zehatye,* 453 F.3d at 1190.

We reject petitioners' contention that the BIA failed to address Ake–Colli's application for cancellation of removal because it is belied by the record. In addition, we lack jurisdiction to review the agency's denial of Ake–Colli's cancellation of removal claim because petitioners have not raised any colorable legal challenge to that determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Romel HOYRI–HYRI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–75180.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 21, 2011.

Rajaie Kubein, Immigration Corp., San Francisco, CA, for Petitioner.

Lynda Do, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Romel Hoyri–Hyri, a native and citizen of Venezuela, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey,* 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Hoyri–Hyri established changed or extraordinary circumstances excusing his untimely filed application. *See* 8 C.F.R. § § 1208.4(a)(4), (5). Accordingly, his asylum claim, including his claim for humanitarian asylum, fails.

Hoyri–Hyri contends he suffered past persecution and fears future persecution on the basis of his Arabic ethnicity and membership in a social group of ethnic small business owners. Substantial evi-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence supports the BIA's determination that Hoyri–Hyri did not establish that the harm he suffered or fears, based on the threats and violence he and his family experienced, is on account of a protected ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998) (evidence at most showed that petitioners who were attacked and threatened inside and outside their shop by men demanding money were victims of criminal activity); *Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (random criminal acts that bore no nexus to a protected ground). In light of this conclusion, Hoyri–Hyri's contention that he is entitled to a presumption of future persecution fails. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002) (when the petitioner has not established past persecution, there is no presumption of future persecution). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against ethnic small business owners in Venezuela. *See Wakkary v. Holder,* 558 F.3d 1049, 1060–62 (9th Cir.2009). Accordingly, we reject Hoyri–Hyri's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Horyi–Hyri failed to establish it is more likely than not that he would be tortured if returned to Venezuela. *See Wakkary,* 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**