**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLEGARIO ISRAEL SIMON MEJIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73168 <br><br> Agency No. A089-559-576 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Olegario Israel Simon Mejia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Simon Mejia contends he was attacked because of his family's activities and mixed ethnicity. Substantial evidence supports the BIA's determination that Simon Mejia failed to show his attackers were or would be motivated by a protected ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1280-81 (9th Cir. 1998) (criminal acts bore no nexus to a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We reject Simon Mejia's contentions that the BIA used an incorrect legal standard, did not fully consider the evidence, and erroneously relied on the IJ's findings. Accordingly, Simon Mejia's asylum and withholding of removal claims fail. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Simon Mejia did not meaningfully challenge the BIA's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Finally, we lack jurisdiction to review Simon Mejia's contentions related to voluntary departure and the sufficiency of the transcript because he failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**