NOT FOR PUBLICATION

FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL ANTONIO PENATE SALGUERO, | No. 09-73012 |
| Petitioner, | Agency No. A095-139-857 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2014[**]

Before:     HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Daniel Antonio Penate Salguero, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Even if Penate Salguero established an exception to excuse his untimely asylum application, substantial evidence supports the agency's determination that he failed to establish past persecution or a fear of future persecution on account of a protected ground.  *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  We lack jurisdiction to consider Penate Salguero's contention based on a particular social group of his family unit because he failed to raise this to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).  Thus, Penate Salguero's asylum and withholding of removal claims fail.  *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)

Substantial evidence also supports the agency's denial of Penate Salguero's CAT claim because he has not shown it is more likely than not he will be tortured by the government of El Salvador or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073. We reject Penate Salguero's contention that the agency's analysis was inadequate and his contention that the agency applied an incorrect standard. Thus, Penate Salguero's CAT claim fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**