**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITO CRUZ CAMACHO, | No.   15-73005 |
| Petitioner, | Agency No. A072-987-622 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order an
Immigration Judge's Decision

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Benito Cruz Camacho, a native and citizen of Mexico, petitions for review

of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he

did not have a reasonable fear of persecution or torture and thus is not entitled to

relief from his reinstated removal order.  We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Cruz Camacho's request for
oral argument, set forth in his opening brief, is denied.

§ 1252. We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Cruz Camacho failed to establish a reasonable possibility of future persecution in Mexico on account of a protected ground. *See Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998) (no nexus to a protected ground where the evidence "at most shows that [petitioners] had been the victim of criminal activity"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group" (emphasis in original)).

Substantial evidence also supports the conclusion that Cruz Camacho failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the Mexican government. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject Cruz Camacho's contentions that the IJ failed to provide a reasoned explanation for his decision or otherwise erred in his analysis.

**PETITION FOR REVIEW DENIED.**

15-73005