NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENA MARISOL PEREZ-CABRERA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 22-1518

Agency No.
A209-122-619

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023[**]
Portland, Oregon

Before: NGUYEN and MILLER, Circuit Judges, and MONTALVO, Senior District Judge.[***]

Lorena Marisol Perez-Cabrera is a native and citizen of Guatemala. She

petitions for review of a Board of Immigration Appeals ("BIA") decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Frank Montalvo, United States Senior District Judge for the Western District of Texas, sitting by designation.

dismissing her appeal from an order of an Immigration Judge ("IJ") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). She also seeks a remand for reconsideration of her application for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252 to review a final order of removal.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We examine findings of fact under the highly deferential substantial evidence standard and uphold the agency's decision "unless the evidence compels a contrary result." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (internal quotation and citation omitted). We review questions of law de novo. *Id*.

1. An applicant for a discretionary grant of asylum must first establish her status as a refugee. 8 U.S.C. § 1158(b)(1). She qualifies as a refugee by showing she was persecuted—or has a well-founded fear of persecution—in her country of nationality on account of her "race, religion, nationality, membership in a particular group, or political opinion." *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998) (citing 8 U.S.C. §§ 1101(a)(42), 1158). An applicant must show that this persecution was "committed by the government or forces the government is either unable or unwilling to control" or will be committed by those actors. *J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020) (quoting *Navas v. INS*, 217 F.3d 646, 655–56

(9th Cir. 2000)). Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). It encompasses "something considerably more than discrimination or harassment." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009). An applicant "who establishes past persecution is presumed to have a well-founded fear of [future] persecution." *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998). Evidence of "[e]ither past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Id*. (citation omitted). To qualify for withholding of removal, she must show a "clear probability" of such persecution. *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003); *see also* 8 U.S.C. § 1231(b)(3)(A).

To obtain protection from removal under the CAT, an applicant must "establish that it is more likely than not that [she] would be tortured with the acquiescence of the … government if [she] returned [home]." *Muradin v. Gonzales*, 494 F.3d 1208, 1210–11 (9th Cir. 2007) (citing 8 C.F.R. §§ 208.16(c)(2), 208.18). The applicant need not show that she will be tortured on account of a protected ground. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001).

Substantial evidence supports the BIA's holding that Perez-Cabrera did not qualify for asylum because she failed to establish that the harassment she suffered from a gang member and a police officer while in Guatemala constituted persecution—or that she had a well-founded fear of future persecution upon her return. And since she did not satisfy the lower statutory burden of proof for asylum eligibility, it follows that she also did not satisfy the clear probability standard of eligibility required for withholding of removal. Substantial evidence also supports the BIA's holding that Perez-Cabrera did not meet the requirements for protection from removal under the CAT because she failed to show a likelihood that she would be tortured upon her return to Guatemala by or with the acquiescence of a public official or other person acting in an official capacity.

2. Although substantial evidence supports the agency's denial of Perez-Cabrera's applications for asylum, withholding of removal, and protection under the CAT, reconsideration of her application for voluntary departure is warranted.

An applicant may be permitted to voluntarily depart the United States at her expense if, at the conclusion of her removal proceedings, the IJ finds that "the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served." 8 U.S.C. § 1229c(b)(1)(A). An applicant "builds up physical-presence time … from the moment [she] enters the United States until the moment [she] receives" a Notice to

4

Appear ("NTA") which contains "all the information Congress listed in 8 U.S.C. § 1229(a)." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021). As relevant here, an applicant must be told "[t]he time and place at which the proceedings will be held" in the NTA. 8 U.S.C. § 1229(a)(1)(G)(i).

Perez-Cabrera entered the United States on or about August 20, 2016. She received an NTA on September 15, 2016, which omitted "[t]he time ... at which" her removal "proceedings [would] be held," as 8 U.S.C. § 1229(a)(1)(G)(i) requires. She then received a Notice of Hearing ("NOH") on October 5, 2016, followed by multiple other notices, which provided the missing information, but otherwise lacked all the information required in § 1229(a)(1). Due to the defect in the NTA, she appeared at her removal hearing and orally moved to terminate the removal proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

In *Pereira*, the Supreme Court held a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule" ending a noncitizen's period of continuous presence in the United States for the purpose of cancellation of removal eligibility under 8 U.S.C. § 1229b(b)(1)(A). *Id*. at 2113–14.

As a result, Perez-Cabrera arguably had nearly three years of physical-presence time in the United States—and "indisputably satisfied § 1229c(b)(1)(A)'s

5

physical-presence requirement"—by the time she appeared at her removal proceedings on June 11, 2019. *Posos-Sanchez*, 3 F.4th at 1186.

Still, the Government argued that Perez-Cabrera was ineligible for post-conclusion voluntary departure under 8 U.S.C. § 1229c(b)(1)(A) because she had not lived in the United States for one year prior to the issuance of the deficient NTA. The IJ agreed and denied Perez-Cabrera's application for voluntary departure.

On January 26, 2021, the BIA issued a decision which explained a NOH could perfect a NTA which failed to specify the time and place of an initial removal hearing. *Matter of Viera-Garcia and Ordonez-Viera*, 28 I&N Dec. 223, 226 (BIA 2021). On May 28, 2021, Perez-Cabrera accordingly did not challenge the IJ's denial of voluntary departure in her administrative appeal because the BIA already "had foreclosed that avenue of relief." On November 4, 2021, the BIA changed its position and held a NTA that did not specify the time or place of a respondent's initial removal hearing did not end the accrual of physical presence for purposes of voluntary departure, even if the respondent was later served with a NOH containing this information. *Matter of M-F-O-*, 28 I&N Dec. 408 (BIA 2021).

We "may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. §

6

1252(d)(1); *see Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding 8 U.S.C. § 1252(d)(1) is a "non-jurisdictional" claim-processing rule); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting the Ninth Circuit enforces a claim-processing rule if a party "properly raises" it) (quoting *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019)).

But exhaustion in this case would have been futile because BIA precedent foreclosed Perez-Cabrera's claim at the time she filed her brief. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("[W]here the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required.") (quoting *Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004)). And although the BIA changed its mind before it issued its decision, we assess futility at the time a brief is filed. *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004) ("We do not require an alien to exhaust administrative remedies on legal issues based on events that occur after briefing to the BIA has been completed."). Consequently, we remand this matter to the agency for the limited purpose of reconsidering Perez-Cabrera's application for voluntary departure.

**PETITION GRANTED; REMANDED**.